

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI, )
 )
                Respondent, )
 ) No. SD36467
vs. )
 ) FILED: March 25, 2021
KENNETH ROBERT DAVIS, )
 )
                Appellant. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Judge Thomas E. Mountjoy

**<u>AFFIRMED</u>**

Kenneth Robert Davis ("Defendant") repeatedly physically abused his 8-year-old daughter ("Victim") during his visitation with her that began on June 30, 2018, and ended with Victim in the hospital the next morning. During that short visit, the jury found, as specified in seven separate verdict directing instructions, that Defendant caused Victim serious physical injury "by pulling out [Victim's] hair" (count 1) and "by striking [Victim] in the face" (count 2) and caused Victim physical injury by "choking [Victim] with a seatbelt" (count 3), "causing [Victim's] face to hit the console of a vehicle" (count 4), "striking [Victim] on the buttocks" (count 5), "striking [Victim] with a phone charger" (Count 6), and "grabbing [Victim] by the neck and throwing [Victim] to the ground" (count 7).

1

In seven points on appeal, Defendant complains that he is the victim of seven manifest injustices and miscarriages of justice because the trial court plainly erred seven times in submitting each of the seven verdict directing instructions to the jury. This is so, he claims, because none of those instructions were sufficiently specific to protect his constitutional right to a unanimous jury verdict in that, he asserts, there was evidence of multiple instances of each of the seven types of abuse as specified in each instruction.

Review for plain error is discretionary. Rule 30.20; *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020).[1] Having reviewed and considered the record on appeal; the parties briefs; the alleged trial court errors for which plain error review is requested and their integral involvement with Defendant's trial counsel's affirmative expression to the trial court of having "no … objections" to the challenged instructions; the related nature of Rule 30.20 plain error review and Rule 29.15 review for ineffective assistance of counsel, as discussed and analyzed in *State v. Snyder*, 592 S.W.3d 375, 379-81 (Mo.App. 2019); and Defendant's failure to demonstrate that any of his claimed errors "facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted[,]" *Brandolese*, 601 S.W.3d at 526 (internal quotation marks and citations omitted); we decline Defendant's requests to exercise our discretionary authority to engage in plain error review.

All of Defendant's points are denied and the trial court's judgment is affirmed.

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS IN RESULT IN SEPARATE OPINION

---

[1] All rule references are to Missouri Court Rules (2020).



# Missouri Court of Appeals

### Southern District

### Division Two

<table>
<tr><td>STATE OF MISSOURI,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Respondent,</td><td>)</td><td>No. SD36467</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>vs.</td><td>)</td><td><strong>Filed: March 25, 2021</strong></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>KENNETH ROBERT DAVIS,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Appellant.</td><td>)</td><td></td></tr>
</table>

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

### Honorable Judge Thomas E. Mountjoy

## OPINION CONCURRING IN RESULT

Since **State v. Celis-Garcia**, 344 S.W.3d 150 (Mo. banc 2011) "has been settled law for several years," courts have observed it has become "more and more difficult to excuse a defendant's failure to object to, and thus preserve, instructional error in multiple acts cases." **State v. Snyder**, 592 S.W.3d 375, 381 n.5 (Mo. App. S.D. 2019) (quoting **State v. Adams**, 571 S.W.3d 140, 144 n.3 (Mo. App. W.D. 2018)). In **State v. Weyant**, the Court noted:

> Since trial counsel was aware of *Celis-Garcia*, we question why trial counsel waited to object to the subject jury instructions until *after* her client was convicted. Some might suggest that this was an effort to "sandbag" the State and trial court by holding the "instructional error card" in trial counsel's "strategy pocket" until after the trial. While we have no way of knowing trial counsel's motivation in choosing to affirmatively assent to the giving of the presently complained-of jury instruction at trial, only to object to the same instruction

shortly *after* trial, we caution all future trial counsel who may see *Celis-Garcia* as just such an opportunity to engage in instructional-error sandbagging; it is not.

598 S.W.3d 675, 676 n.2 (Mo. App. W.D. 2020).

Here, Defendant did not object to the verdict-directing instructions at trial, nor in his motion for new trial, and raises it for plain error only on appeal. It has been observed that claims of instructional error "are particularly ill-suited for plain error analysis when the decision not to object to the state's instructions may have been motivated by reasonable trial strategy." ***State v. Davidson***, 599 S.W.3d 257, 262 (Mo. App. S.D. 2020) (quoting ***State v. Ess***, 453 S.W.3d 196, 214 n.6 (Mo. banc 2015)) (Wilson, J., concurring in part and dissenting in part). Defendant's defense was predicated on the claim he did not cause Victim's injuries and all of her injuries were the result of various accidents including falling at the creek, being hit by a branch at the playground, and Victim not wearing a seatbelt and hitting the console when Defendant was forced to slam on his brakes. Individually responding to each location, each incident, or time of day when the injuries occurred might only have emphasized the enormity of 8-year-old Victim's injuries and undercut Defendant's alternative explanations for how Victim's extensive injuries occurred. *See **id.*** at 263 (noting objections to the verdict director on jury-unanimity grounds would not have furthered the trial strategy of showing victim was not credible but, instead, could have reminded the jury of the pervasiveness and magnitude of the abuse suffered). As we have observed, "[a] trial record on direct appeal . . . is not developed for the purpose of considering and evaluating trial counsel's motivation in failing to object[.]" ***Snyder***, 592 S.W.3d at 381.

Even assuming *arguendo* that Defendant did not fail to object based on reasonable trial strategy, he nonetheless has failed to show he was prejudiced by error such that a manifest injustice has resulted therefrom. In a multiple acts case, if the trial court fails to properly instruct the jury, yet the defendant has failed to object to the instructions at trial, the defendant must demonstrate manifest injustice or a miscarriage of justice. *See, e.g., **Celis-Garcia***, 344

2

S.W.3d at 158; **State v. Escobar**, 523 S.W.3d 545, 551 (Mo. App. W.D. 2017). Plain errors are "those which are evident, obvious and clear" and must be so "prejudicial that it deprived the defendant of a fair trial." **State v. Brandolese**, 601 S.W.3d 519, 531 (Mo. banc 2020) (quoting **State v. Sanders**, 522 S.W.3d 212, 215 (Mo. banc 2017)).

The facts of this case are not similar to those presented in **Celis-Garcia**, where two victims testified to multiple incidents of sexual abuse occurring at different times and in different locations, but the defendant was charged in a single count with statutory sodomy for the acts against each victim. 344 S.W.3d at 156. This case is also distinguishable from cases applying the principles of **Celis-Garcia** in circumstances where similar acts of abuse were committed against a victim over the course of months or years. *See, e.g.*, **State v. Beck**, 557 S.W.3d 408, 412-13 (Mo. App. W.D. 2018).

Here, the abuse Victim suffered occurred in a matter of hours, but took different forms, which the State distinguished by submitting specific criminal acts contained in separate charges. *See* **State v. Stuckley**, 573 S.W.3d 766, 769 (Mo. App. S.D. 2019). Although Victim described the specific types of abuse she experienced in "somewhat different ways at different times[,]" **State v. Brown**, 596 S.W.3d 193, 203 (Mo. App. W.D. 2020), any "[i]nconsistent descriptions go to a witness's credibility." **State v. Brammer**, 614 S.W.3d 18, 25 (Mo. App. E.D. 2020). Defendant has failed to persuade us the evidence of the charged conduct in these instructions met the multiple acts case standard of "multiple, distinct criminal acts" charged in a single count. **Celis-Garcia**, 344 S.W.3d at 155.

It is Defendant's burden to facially establish substantial grounds for believing a manifest injustice or a miscarriage of justice has resulted. *See* **Brandolese**, 601 S.W.3d at 526. Defendant failed to meet that burden. I concur and decline to engage in plain error review.

MARY W. SHEFFIELD, J. – CONCURRING OPINION AUTHOR

3